Octavio Cardona-Loya II (SBN 255309)
Golden & Cardona-Loya, LLP
3130 Bonita Road, Suite 200B
Chula Vista, CA 91910
vito@goldencardona.com
Phone: 619-476-0030; Fax: 775-898-5471
Attorney for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALE HENSARLING, an individual, TONYA HENSARLING, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK, N.A., a corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 1:15-cv-01555-KJM-SKO<br><br>**SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br><br><br>The Hon. Kimberly J. Mueller<br><br>Action Filed: August 25, 2014<br>Removal Date: October 9, 2015<br>Trial Date: N/A |

## I. INTRODUCTION

1. This is an action for damages brought by Plaintiffs against Defendants for violations of the California Rosenthal Fair Debt Collections Practices Act ("Rosenthal Act") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices, for invasion of privacy, and for violations of Telephone Consumer Protection Act (TCPA).

////
////

## II. PARTIES

2. Plaintiffs DALE and TONYA HENSARLING are natural persons residing in the State of California, County of Stanislaus.

3. Defendant WELLS FARGO BANK, N.A. at all times relevant was a corporation doing business of collecting debts in Stanislaus County, California operating from an address at 101 N. PHILLIPS AVE., SIOUX FALLS, SD 57104.

4. Defendants are engaged in the collection of debts from consumers using the mail and telephone. Defendants regularly attempt to collect consumer debts alleged to be due to another. Defendants are "debt collectors" as defined by the Rosenthal Act, California Civil Code §1788.2(c).

5. Each Plaintiff is a "debtor" as defined by the Rosenthal Act, California Civil Code §1788.2(h).

6. The purported debt which Defendants attempted to collect from Plaintiffs is a "consumer debt" as defined by the Rosenthal Act, California Civil Code §1788.2(f).

7. The true names and capacities, whether individual, corporate (including officers and directors thereof), associate or otherwise of Defendants sued herein as DOES 1 through 10, inclusive, are unknown to Plaintiffs, who therefore sue these Defendants by such fictitious names. Plaintiffs are informed, believe, and allege that each DOE Defendant is involved in or is in some manner responsible as a principal, beneficiary, agent, co-conspirator, joint venturer, alter ego, third party beneficiary, or otherwise, for the agreements, transactions, events and/or acts hereinafter described, and thereby proximately caused injuries and damages to Plaintiffs. Plaintiffs request that when the true names/capacities of these DOE Defendants are ascertained, they may be inserted in all subsequent proceedings and that this action may proceed against them under their true names.

## III.  FACTUAL ALLEGATIONS

8. Defendant Wells Fargo began a campaign of phone calls to collect payments allegedly due on a mortgage loan (the "debt") from Plaintiff DALE.

9.  Wells Fargo further contacted Plaintiff TONYA.

10.  Wells Fargo contacted DALE on his cell and home phone numbers.

11.  Wells Fargo called Plaintiffs multiple times within a twenty-four hour period, with four or more calls a day on occasion.

12.  For example, Wells Fargo called DALE five times on May 21, 2014 and four times within one day on May 16, 19, and 20, 2014.

13.  Wells Fargo would call Plaintiffs on consecutive days, every day of the week at times.

14.  Wells Fargo at times would call DALE more than one time within one hour.

15.  DALE is a pastor and told Wells Fargo's representatives not to call on Sundays, yet Wells Fargo continued to do so.

16.  DALE estimates that between May 22, 2014 and June 4, 2014, Wells Fargo called him at least forty-eight times within the fourteen-day time period.

17.  DALE was actually current on his mortgage payments during the time period of some of Wells Fargo's collection calls.

18.  Plaintiffs estimate they would receive around fifteen collection calls in one day between the both of them at times.

19.   Wells Fargo was notified that Plaintiffs had an attorney and call calls should cease.

20.  Defendant ignored the request and continued to call Plaintiffs.

21.  Based on information and belief, Wells Fargo used an automated dialing system to contact Plaintiffs.

22.  At times, some of Wells Fargo's calls would begin with a pre-recorded or artificial voice message asking Plaintiffs to wait while a live representative got on the line.

23.  Some calls would begin with a pause after the call was answered before a live agent appeared on the line.

24.  In other calls, a pre-recorded or artificial voice message would ask Plaintiffs to call Wells Fargo back.

25.  Plaintiff DALE recalls speaking with different Wells Fargo agents within the span of one day; the agents were frequently unaware of Wells Fargo's prior calls that day and what had been discussed, thus demonstrating Wells Fargo's use of an automated dialing system.

26.  As a result of defendants' conduct, Plaintiffs suffered from severe stress.

## IV.  FIRST CAUSE OF ACTION
### (Against all Defendants for Violations of the Rosenthal Act)

27.  Plaintiffs repeat, reallege and incorporate by reference all of the foregoing paragraphs.

28.  Defendants violated the Rosenthal Act, by including but not limited to, the following:

(a)  Defendants violated California Civil Code §1788.11(d) by causing a telephone to ring repeatedly or continuously to annoy the person called;

(b)  Defendants violated California Civil Code §1788.11(e) by communicating with the Plaintiff with such frequency as to be unreasonable and to constitute an harassment to the Plaintiff under the circumstances; and

(c)  Defendants violated California Civil Code §1788.12(b) by communicating information regarding a consumer debt to a member of the Plaintiff's family;

(d)  The Defendants violated California Civil Code §1788.14(c) by communicating with the Plaintiffs after the Plaintiff's attorney notified the Defendants that the Plaintiffs were represented by an attorney;

(e)  Defendants violated California Civil Code §1788.17 by failing to comply with 15 U.S.C. §§ 1692b(1), 1692b(3), 1692b(6), 1692c(a)(1), 1692c(a)(2), 1692d, 1692d(5), 1692e(2)(A), and 1692(f); and

(f)  As to Plaintiff TONYA only, Defendants violated California Civil Code §1788.17 by failing to comply with 15 U.S.C. §1692(f)(1).

29. Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiffs to pay the alleged debt.

30. As a proximate result of Defendants' violations enumerated above, Plaintiffs were damaged in amounts which are subject to proof.

31. Defendants' violations of the Rosenthal Act were willful and knowing. Defendants are therefore liable to Plaintiffs for Plaintiffs' actual damages, statutory damages, and attorney's fees and costs pursuant to California Civil Code §1788.30.

## V.  SECOND CAUSE OF ACTION

**(Against all Defendants for Invasion of Privacy: Intrusion Into Private Affairs)**

32. Plaintiffs repeat, reallege and incorporate by reference all of the foregoing paragraphs.

33. Plaintiffs had a reasonable expectation of privacy in their solitude, seclusion, and private concerns and affairs.

34. Defendants willfully and intentionally intruded into Plaintiffs' solitude, seclusion, and private affairs by repeatedly and unlawfully attempting to collect a Debt.

35. Defendants' intrusions would be highly offensive to a reasonable person and did in fact offend Plaintiffs.

36. As a result of such invasions of privacy, Plaintiffs were harmed and caused great mental and physical pain.

37. Defendants acted with oppression and malice and are therefore liable to Plaintiffs for damages in an amount to be proven at trial, and for punitive damages.

## VI. THIRD CAUSE OF ACTION

**(Against all Defendants for Violations of the TCPA)**

38. Plaintiffs repeat, reallege and incorporate by reference all of the foregoing paragraphs.

39. Based on information and belief, Defendant made calls to Plaintiffs' cell

phones using an automatic telephone dialing system (including an automated dialing machine, dialer, and auto-dialer) and an artificial or prerecorded voice.

40. Defendant improperly invaded the privacy rights of Plaintiffs and violated the TCPA by the above-described actions. Defendant's violations include, but are not limited to, the following:

(a) By repeatedly making calls using an automatic telephone dialing system, to the Plaintiffs' cell phones using an automated telephone dialing system without Plaintiffs' express consent in violation of 47 U.S.C. §227(b)(1)(A)(iii).

41. As a result of the above violations of the TCPA, Defendant is liable to the Plaintiffs for declaratory judgment that Defendants' conduct violated the TCPA, Plaintiffs' actual damages, statutory damages of $500 for each call, and up to three times statutory damages for willful and knowing violations pursuant to 47 U.S.C. §227(b)(3).

**WHEREFORE**, Plaintiffs respectfully request that judgment be entered against Defendants, and each of them, for the following:

(a) Actual damages;
(b) Punitive damages;
(c) Statutory damages pursuant to California Civil Code §1788.30(b);
(d) Costs and reasonable attorney's fees pursuant to California Civil Code §1788.30(c);
(e) Statutory damages of $500 per telephone call and, additional $1,000 per call, pursuant to 47 U.S.C. 227(b)(3)(B); and
(f) For such other and further relief as the Court may deem just and proper.

Date: December 21, 2015         /s/ Octavio Cardona-Loya II         .
                                Octavio Cardona-Loya II,
                                Attorney for Plaintiffs Dale Hensarling and
                                Tonya Hensarling

# DEMAND FOR JURY TRIAL

Please take notice that Plaintiffs demand trial by jury in this action.

Date: December 21, 2015        /s/ Octavio Cardona-Loya II        .
Octavio Cardona-Loya II,
Attorney for Plaintiffs Dale Hensarling and
Tonya Hensarling