1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DALE HENSARLING, an individual,              No.  1:15-cv-01555-DAD-SKO
     TONYA HENSARLING, an individual,
12
                  Plaintiffs,
13                                                 ORDER

14          v.

15   WELLS FARGO BANK, N.A., a
     corporation; and DOES 1 through 10,
16   inclusive,[1]

17                Defendants.

18

19          This matter is before the court on a motion to dismiss filed by defendant Wells

20   Fargo Bank, N.A.  Mot., ECF No. 4.  Plaintiffs Dale and Tonya Hensarling opposed.  Opp'n, ECF

21   No. 12.  Defendant replied.  Reply, ECF No. 14.  On December 4, 2015, the court held a hearing

22

23          [1] If a defendant's identity is not known before the complaint is filed, a "plaintiff should be
     given an opportunity through discovery to identify the unknown defendants," *Wakefield v.*
24   *Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (quotation marks omitted) (quoting *Gillespie v.*
     *Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)).  However, doe defendants will be dismissed if "it is
25   clear that discovery would not uncover the[ir] identities, or that the complaint would be dismissed
     on other grounds."  *Id*. (quotation marks omitted) (quoting *Gillespie*, 629 F.2d at 642).  The court
26   also must dismiss defendants who have not been served within 120 days after the filing of the
     complaint unless good cause is shown.  Fed. R. Civ. P. 4(m); *see generally Glass v. Fields*,
27   No. 09-00098, 2011 U.S. Dist. LEXIS 97604 (E.D. Cal. Aug. 31, 2011).

28
                                              1

1    on the motion: Octavio Cardona-Loya appeared for plaintiffs and Courtney Wenrick appeared for

2    defendant.[2]  Plaintiffs subsequently filed a second amended complaint, ECF No. 19, without

3    defendant's written consent or leave of the court.  Defendant filed a motion to strike in response.

4    ECF No. 20.

5            As explained below, the court GRANTS IN PART defendant's motion to dismiss.

6    The court also GRANTS defendant's motion to strike.

7    I.      INTRODUCTION

8            A.      Procedural History

9            Plaintiffs commenced this action on August 25, 2014 in the California Superior

10   Court for the County of Stanislaus.  *See generally* ECF No. 1-1.  The parties stipulated to

11   plaintiffs' filing the first amended complaint, adding the third claim alleging defendant violated

12   the Telephone Consumer Protection Act ("the TCPA").  Compl. ("FAC"), ECF No. 1-1 ¶¶ 33–36.

13   In sum, the First Amended Complaint alleges the following claims against defendant:

14   (1) violations of the Rosenthal Act, Cal. Civ. Code § 1788, (2) common law tort of intrusion into

15   private affairs and (3) violations of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii).  *See generally* FAC.

16           On October 9, 2015, defendant removed the case to this court.  ECF No. 1.  On

17   October 16, 2015, defendant filed the pending motion to dismiss the new third claim.

18           B.      Factual Background

19           Plaintiffs' third claim challenges an alleged campaign of phone calls made to

20   plaintiffs by defendant to collect payments due on a mortgage loan ("the Loan").  Plaintiffs allege

21   defendant contacted them both separately on multiple occasions within a twenty-four hour period,

22   with four or more calls a day, on consecutive days, and at times every day of the week.  FAC ¶¶

23   11, 13.  Specifically, on May 21, 2014, defendant called Mr. Hensarling five times, and four times

24   each day on May 16, 19, and 20, 2014.  *Id.* ¶ 12.  Defendant made the calls to Mr. Hensarling's

25   cell phone and home phone numbers.  *Id.* ¶ 10.

26   _____

27           [2] Because Judge Mueller presided over the motion hearing, she issues this order.  In light
     of the case subsequently being assigned to Judge Dale A. Drozd, all future proceedings will be
     before him.

28

2

Mr. Hensarling asked defendant not to call on Sundays as he is a pastor, but defendant continued its calls. *Id.* ¶ 15.  Between May 22, 2014 and June 4, 2014, plaintiffs estimated defendant called Mr. Hensarling at least forty-eight times. *Id.* ¶ 16.  Between both plaintiffs, it is estimated, at times, they would receive about fifteen collection calls in one day. *Id.* ¶ 18.  During the time period of some of defendant's collection calls, Mr. Hensarling was actually current on his loan payments. *Id.* ¶ 17.  Defendant's calls never ceased despite being informed plaintiffs had retained an attorney. *Id.* ¶¶ 19–20.

II.     LEGAL STANDARDS

    A.     Motion to Dismiss

A complaint need contain only a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), not "detailed factual allegations," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  But this rule demands more than unadorned accusations; "sufficient factual matter" must make the claim at least plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  In the same vein, conclusory or formulaic recitations of a cause's elements do not alone suffice. *Id.* (quoting *Twombly*, 550 U.S. at 555).

A party may thus move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  The motion may be granted only if the complaint lacks a "cognizable legal theory" or if its factual allegations do not support a cognizable legal theory. *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1122 (9th Cir. 2013).  In making this context-specific evaluation, this court "must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party." *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127, 1140 (9th Cir. 2000) (en banc) (internal quotation marks and alterations omitted).

/////

B.      Motion to Strike

Federal Rule of Civil Procedure 12(f) provides "[t]he court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." "'Immaterial' matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded[, and] [i]mpertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (citation omitted), *rev'd on other grounds by* 510 U.S. 517 (2004).

A Rule 12(f) motion to strike serves "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). The granting of a motion to strike "may be proper if it will make trial less complicated or eliminate serious risks of prejudice to the moving party, delay, or confusion of the issues." *Taheny v. Wells Fargo Bank, N.A.*, No. 10–2123, 2011 WL 1466944, at *2 (E.D. Cal. Apr. 18, 2011) (citing *Fantasy*, 984 F.2d at 1527–28).

III.    ANALYSIS

A.      Motion to Dismiss

The TCPA prohibits making any call "using any automatic telephone dialing system or an artificial or prerecorded voice" to a wireless number. 47 U.S.C. § 227(b)(1)(A). Specifically, the TCPA provides:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
>
> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—
> . . .
> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call . . .

47 U.S.C. § 227(b)(1)(A)(iii).

4

As used in this section, the term "automatic telephone dialing system" ("ATDS") means equipment that has the capacity "to store or produce telephone numbers to be called, using a random or sequential number generator . . . to dial such numbers." 47 U.S.C. § 227(a)(1).  A "random or sequential number generator" refers to the genesis of the list of numbers, not an "order to be called."  Telephone Consumer Protection Act of 1991, § 3(a), 47 U.S.C.A. § 227(a)(1); *Marks v. Crunch San Diego, LLC*, 55 F. Supp. 3d 1288, 1292 (S.D. Cal. 2014).

However, under the plain language of the statute, an ATDS "need not actually store, produce, or call randomly or sequentially generated telephone numbers, it need only have the capacity to do it." *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 951 (9th Cir. 2009).

There are three elements to a TCPA claim based on use of an ATDS: (1) the defendant called a cellular telephone number (2) using an ATDS, or an artificial or prerecorded voice, (3) without the recipient's prior express consent.  *Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012); *see also  Iniguez v. The CBE Group*, 969 F. Supp. 2d 1241, 1247 (E.D. Cal. 2013), *reconsideration denied* (Dec. 5, 2013) (a violation may occur if an ATDS, an artificial voice, or a prerecorded voice is used to make the call); *Flores v. Adir International, LLC*, No. 15-00076, 2015 WL 4340020, at *4 (C.D. Cal. July 15, 2015) (artificial or prerecorded voice used to make calls are independent basis for liability under the TCPA).

Here, plaintiff alleges defendant called plaintiffs using an ATDS.  Defendant does not dispute the third prong of the TCPA claim; instead, defendant argues plaintiff fails to allege the first and second prongs.  With respect to the first prong, plaintiff alleges in the First Amended Complaint that: "[d]efendant made calls to [p]laintiffs' cell phones."  FAC ¶ 34.  Plaintiff alleges sufficient fact under the first prong, and, contrary to defendant's argument, Mot. at 2, does not need to allege the cell phone number(s) at issue.

The court thus moves on next to discuss the second prong, whether plaintiffs allege sufficient facts to say defendant used an ATDS.

1.     ATDS

With respect to the second prong, defendant argues plaintiffs have merely restated the law in their pleading rather than alleged facts to say plaintiffs were called using an ATDS.

1   Plaintiffs contend "[n]either section 227(b)(1)(A)(iii) nor Federal Rule of Civil Procedure 8

2   requires [p]laintiffs to plead [their] claim with particularity."  47 U.S.C. § 227(a)(1); *Kramer v.*

3   *Autobytel, Inc.*, 759 F. Supp. 2d 1165, 1172 (N.D. Cal. 2010).  Rather, plaintiffs argue, courts

4   should consider whether, "read as a whole, the complaint contains sufficient facts to show that it

5   is plausible that [d]efendant[ ] used [an ATDS]."  *Id.* at 1171.  Under *Iqbal*, plaintiff needs to

6   make out a sufficiently-pled claim that is "plausible on its face."  556 U.S. at 678.  A claim is

7   plausible when the plaintiff pleads factual content that allows the court to draw reasonable

8   inferences the defendant is liable for the alleged misconduct.  *Id.*  Here, plaintiffs have not pled

9   facts that allow the court to draw such inferences.

10         As noted, plaintiffs generally allege defendant called multiple times over several

11   days, and, on occasions, multiple times within one day.  FAC ¶¶ 12–18.  Plaintiffs specifically

12   allege defendant violated the TCPA "by repeatedly making calls using an [ATDS], to the

13   [p]laintiffs' cell phones . . . without [p]laintiffs' express consent and to the expense of

14   [p]laintiffs."  FAC ¶ 35.  Plaintiffs point to *Iniguez*, *supra*, in which  a sister court in this district

15   denied the defendant's motion to dismiss a claim alleging the use of ATDS, as an analogous case.

16   However, the plaintiff in *Iniguez* alleges the use of both ATDS and artificial voice.  969 F. Supp.

17   2d at 1247.  As the court in *Flores v. Adir International, LLC*, explained, 47 U.SC. §

18   227(b)(1)(A) is written in the disjunctive form; thus, a violation may be found based on either the

19   use of ATDS or calls made using an artificial or prerecorded voice.  2015 WL 4340020, at *4.

20   The court in *Iniguez* found plaintiffs had sufficiently stated a TCPA claim based on use of an

21   artificial or prerecorded voice and did not decide whether the plaintiff also stated a claim based

22   on use of an ATDS.  969 F. Supp. 2d at 1246; *see also Flores*, 2015 WL 4340020, at *4.  Here,

23   plaintiffs' TCPA claim can advance only if plaintiffs have alleged sufficient facts regarding the

24   use of an ATDS.

25         Plaintiffs point to *Thomas v. Dun & Bradstreet Credibility Corp.*, 100 F. Supp. 3d

26   937, 945–46 (C.D. Cal. 2015) and *Knutson v. Reply!, Inc.*, No. 10-1267, 2011 WL 1447756, at *1

27   (S.D. Cal. Apr. 13, 2011) to support their argument they have stated a claim under the TCPA

28   based on the use of an ATDS.  Opp'n at 4–5.  In *Thomas*, the plaintiff provided additional facts

1   including a "pause" characteristic of the ATDS used, and defendant's likely need for a

2   "sophisticated phone system."  2015 WL 4698398, at *6.  Similarly, the plaintiff in *Knutson* also

3   provided additional facts, allowing the court to draw reasonable inferences regarding the

4   defendant's alleged use of an ATDS, namely details such as: when the plaintiff called the number

5   from which he received the call, there were no rings or responses, and when the plaintiff picked

6   up the calls there also was no response after which  the line would change over to another party a

7   few seconds later.  2011 WL 1447756, at *1.  In contrast, plaintiffs' First Amended Complaint

8   does not allege facts that allow this court to draw reasonable inference regarding defendant's use

9   of an ATDS.  *See Iqbal*, 556 U.S. at 678.

10          2.    Random Calls

11         Defendant further argues in order to state a claim under TCPA based on  the use of

12   an ATDS, plaintiffs also need to allege that "calls to their cell phones were made in a random or

13   sequential fashion."  Mot. at 4.  In *Iniguez*, a sister court rejected the same argument where the

14   defendant contended the debt collector was "obviously trying to reach a particular person, not

15   make random calls."  969 F. Supp. 2d at 1247.  The court in *Iniguez* found whether the system

16   randomly generates a phone number is not determinative, because the system only needs to have

17   that capability under the TCPA without necessarily using it.  *Id.* The TCPA in fact defines an

18   ATDS as "equipment which has the capacity . . . to store or produce telephone numbers to be

19   called, using a random or sequential number generator [and] to dial such numbers."  47 U.S.C. §

20   227(a)(1).

21         The court finds defendant's argument that plaintiffs need to allege the calls were

22   made in a random fashion unpersuasive.

23         At hearing, plaintiffs stated if allowed leave to amend, they would provide more

24   factual allegations to support their TCPA claim.  Accordingly, to the extent defendant's motion to

25   dismiss plaintiffs' TCPA claim is based on insufficient allegations that defendant used an ATDS,

26   or an artificial or prerecorded voice, the motion is GRANTED with leave to amend.  However, to

27   the extent defendant's motion to dismiss plaintiffs' TCPA claim is based on failure to allege

28

1  defendant made the calls to plaintiffs' cell phone and that the calls were random, the motion is

2  DENIED.

3      B.    Motion to Strike

4          On December 21, 2015, plaintiffs filed a second amended complaint without

5  defendant's written consent or the court's leave.

6          The Federal Rule of Civil Procedure 15(a) states, in relevant parts:

7          (a) Amendments Before Trial.

8          (1) Amending as a Matter of Course.  A party may amend its
           pleading once as a matter of course within:

9

10         (A) 21 days after serving it, or

11         (B) if the pleading is one to which a responsive pleading is
           required, 21 days after service of a responsive pleading or 21 days
12         after service of a motion under Rule 12(b), (e), or (F), whichever is
           earlier.

13         (2) Other Amendments.  In all other cases, a party may amend its
           pleading only with the opposing party's written consent or the
14         court's leave.  The court should freely give leave when justice so
           requires.
15

16  Fed. R. Civ. P. 15(a).

17         Plaintiffs can amend their complaint "once as a matter of course" if they comply

18  with Rule 15(a)(1).  Their first amended complaint was deemed served on September 9, 2015,

19  ECF No. 1-1, at 88, and defendant subsequently filed its motion to dismiss on October 16, 2015,

20  Mot. at 1.  Under Rule 15(a)(1)(B), the twenty-one-day deadline has already passed.  Other

21  amendments require the written consent of the opposing party or the court's leave, neither of

22  which plaintiffs obtained.

23         The court therefore GRANTS defendant's motion to strike plaintiffs' second

24  amended complaint.

25  IV.    CONCLUSION

26         For the foregoing reasons, the court GRANTS IN PART defendant's motion to

27  dismiss plaintiffs' TCPA claim, without prejudice, and GRANTS defendant's motion to strike the

28  second amended complaint plaintiffs filed on December 21, 2015.

Plaintiffs shall now have twenty-one (21) days to file an amended complaint.

IT IS SO ORDERED.

DATED:  February 29, 2016.

_____
UNITED STATES DISTRICT JUDGE