MARK D. LONERGAN (State Bar No. 143622)
mdl@severson.com
REBECCA S. SAELAO (State Bar No. 222731)
rss@severson.com
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, California 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439

COURTNEY C. WENRICK (State Bar No. 286380)
ccw@severson.com
SEVERSON & WERSON
A Professional Corporation
The Atrium
19100 Von Karman Avenue, Suite 700
Irvine, California 92612
Telephone: (949) 442-7110
Facsimile: (949) 442-7118

Attorneys for Defendant
WELLS FARGO BANK, N.A.

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALE HENSARLING, an individual, TONYA HENSARLING, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>WELLS FARGO BANK, N.A., a corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 1:15-cv-01555-DAD-SKO<br>Hon. Dale A. Drozd<br>Courtroom 5, 7th floor<br><br>**DEFENDANT WELLS FARGO BANK. N.A.'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT**<br><br>Action Filed:   August 25, 2014<br>Removal Date: October 9, 2015<br>Trial Date:     None Set |

Wells Fargo Bank, N.A. ("Wells Fargo" or "Defendant") answers the correspondingly numbered paragraphs of Plaintiffs DALE HENSARLING and TONYA HENSARLING's ("Plaintiffs") Second Amended Complaint filed March 15, 2016 ("SAC") as follows.  Any allegations not expressly admitted are hereby denied:

## I.  INTRODUCTION

1.     Answering Paragraph 1 of the SAC, Wells Fargo admits that Plaintiffs purport to assert claims for alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA") and Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, et seq. ("RFDCPA"), but denies engaging in conduct that violates those Acts.  Wells Fargo further states that the allegations in Paragraph 1 contain legal conclusions that do not require a response.  The TCPA, 47 U.S.C. § 227 et seq., is a federal statute that speaks for itself. The RFDCPA, Cal. Civ. Code § 1788, et seq., is a California statute that speaks for itself.  To the extent that Paragraph 1 contains factual allegations, Wells Fargo denies each and every allegation of this paragraph.

## II.  PARTIES

2.     Answering Paragraph 2 of the SAC, Wells Fargo is without sufficient knowledge or information to admit or deny the allegations contained therein, and on that basis denies each and every allegation of this paragraph.

3.     Answering Paragraph 3 of the SAC, Wells Fargo avers that it is a national banking association with its main office in Sioux Falls, South Dakota. Wells Fargo further avers that it conducts business in California. Except as expressly averred herein, Wells Fargo denies each and every allegation of this paragraph.

4.     Answering Paragraph 4 of the SAC, Wells Fargo states that Cal. Civ. Code § 1788.2(c) is a California statute that speaks for itself. Additionally, Wells Fargo responds that this paragraph contains legal conclusions that do not require a

response. To the extent this paragraph does require a response and to the extent this paragraph applies to Wells Fargo, Wells Fargo denies that it was acting as a "debt collector" as defined by the statute.

5.       Answering Paragraph 5 of the SAC, Wells Fargo states that Cal. Civ. Code § 1788.2(h) is a California statute that speaks for itself. Additionally, Wells Fargo responds that this paragraph contains legal conclusions that do not require a response. To the extent this paragraph does require a response and to the extent this paragraph applies to Wells Fargo, Wells Fargo denies that Plaintiffs are "debtors" as defined by the statute.

6.       Answering Paragraph 6 of the SAC, Wells Fargo states that Cal. Civ. Code § 1788.2(f) is a California statute that speaks for itself. Additionally, Wells Fargo responds that this paragraph contains legal conclusions that do not require a response. To the extent this paragraph does require a response and to the extent this paragraph applies to Wells Fargo, Wells Fargo denies each and every allegation of this paragraph.

7.       Answering Paragraph 7 of the SAC, Wells Fargo is without sufficient knowledge or information to admit or deny the allegations contained therein, and on that basis denies each and every allegation of this paragraph.

### III.  FACTUAL ALLEGATIONS

8.       Answering Paragraph 8 of the SAC, Wells Fargo admits that it called Plaintiff Dale Hensarling to collect amounts due on Plaintiffs' mortgage. Except as expressly admitted herein, Wells Fargo denies each and every allegation of this paragraph.

9.       Answering Paragraph 9 of the SAC, Wells Fargo admits that is called Plaintiff Tonya Hensarling to collect amounts due on Plaintiffs' mortgage. Except as expressly admitted herein, Wells Fargo denies each and every allegation of this paragraph.

10.      Answering Paragraph 10 of the SAC, Wells Fargo admits it contacted

1  Plaintiffs on home and cell phone numbers they provided to Wells Fargo.

2      11.    Answering Paragraph 11 of the SAC, Wells Fargo admits that on

3  occasion it called Plaintiffs more than once within a twenty-four hour period. Wells

4  Fargo also admits that it called Plaintiffs four or five times a day on occasion.

5  Except as expressly admitted herein, Wells Fargo denies each and every allegation

6  of this paragraph.

7      12.    Answering paragraph 12 of the SAC, Wells Fargo admits that it called

8  209-225-3908 five times on May 21, 2014 and that it called 209-225-3908 four

9  times within a day on May 16, 19 and 20, 2014. Except as expressly admitted

10  herein, Wells Fargo denies each and every allegation of this paragraph.

11      13.    Answering paragraph 13 of the SAC, Wells Fargo admits that it would

12  occasionally call Plaintiffs on consecutive days and every day of the week. Except

13  as expressly admitted herein, Wells Fargo denies each and every allegation of this

14  paragraph.

15      14.    Answering paragraph 14 of the SAC, Wells Fargo admits that it would

16  occasionally call 209-225-3908 more than one time within an hour. Except as

17  expressly admitted herein, Wells Fargo denies each and every allegation of this

18  paragraph.

19      15.    Answering Paragraph 15 of the SAC, Wells Fargo is without sufficient

20  knowledge or information to admit or deny the allegations contained therein, and on

21  that basis denies each and every allegation of this paragraph.

22      16.    Answering Paragraph 16 of the SAC, Wells Fargo denies each and

23  every allegation of this paragraph.

24      17.    Answering Paragraph 17 of the SAC, Wells Fargo denies each and

25  every allegation of this paragraph.

26      18.    Answering Paragraph 18 of the SAC, Wells Fargo denies each and

27  every allegation of this paragraph.

28      19.    Answering Paragraph 19 of the SAC, Wells Fargo admits it was

1   notified in writing that Plaintiffs had an attorney in June 2014. Wells Fargo denies it

2   continued to call Plaintiffs after it received written notice that they were represented

3   by counsel.

4         20.    Answering Paragraph 20 of the SAC, Wells Fargo denies each and

5   every allegation of this paragraph.

6         21.    Answering Paragraph 21 of the SAC, Wells Fargo responds that this

7   paragraph contains legal conclusions that do not require a response. To the extent

8   this paragraph does require a response, Wells Fargo denies each and every

9   allegation of this paragraph.

10        22.    Answering Paragraph 22 of the SAC, Wells Fargo denies each and

11  every allegation of this paragraph.

12        23.    Answering Paragraph 23 of the SAC, Wells Fargo denies each and

13  every allegation of this paragraph.

14        24.    Answering Paragraph 24 of the SAC, Wells Fargo is without sufficient

15  knowledge or information to admit or deny the allegations contained therein, and on

16  that basis denies each and every allegation of this paragraph.

17        25.    Answering Paragraph 25 of the SAC, Wells Fargo is without sufficient

18  knowledge or information to admit or deny the allegations contained therein, and on

19  that basis denies each and every allegation of this paragraph.

20        26.    Answering Paragraph 26 of the SAC, Wells Fargo is without sufficient

21  knowledge or information to admit or deny the allegations contained therein, and on

22  that basis denies each and every allegation of this paragraph.

23                    **IV.  FIRST CAUSE OF ACTION**

24              **(Alleged Violations of the Rosenthal Act)**

25        27.    Answering Paragraph 27 of the SAC, Wells Fargo incorporates by

26  reference its responses to paragraphs 1 through 26 as though fully set forth herein.

27        28.    Answering Paragraph 28 of the SAC, Wells Fargo denies each and

28  every allegation of this paragraph.

1    28(a).        Answering Subparagraph 28(a) of the SAC, Wells Fargo states

2  that this subparagraph contains legal conclusions that do not require a response.

3  California Civil Code § 1788.11(d) is a California statute that speaks for itself. To

4  the extent this subparagraph does require a response, Wells Fargo denies each and

5  every allegation of this subparagraph.

6    28(b)         Answering Subparagraph 28(b) of the SAC, Wells Fargo states

7  that this subparagraph contains legal conclusions that do not require a response.

8  California Civil Code § 1788.11(e) is a California statute that speaks for itself. To

9  the extent this subparagraph does require a response, Wells Fargo denies each and

10  every allegation of this subparagraph.

11    28(c).        Answering Subparagraph 28(c) of the SAC, Wells Fargo states

12  that this subparagraph contains legal conclusions that do not require a response.

13  California Civil Code § 1788.12(b) is a California statute that speaks for itself. To

14  the extent this subparagraph does require a response, Wells Fargo denies each and

15  every allegation of this subparagraph.

16    28(d).        Answering Subparagraph 28(d) of the SAC, Wells Fargo states

17  that this subparagraph contains legal conclusions that do not require a response.

18  California Civil Code § 1788.14(c) is a California statute that speaks for itself. To

19  the extent this subparagraph does require a response, Wells Fargo denies each and

20  every allegation of this subparagraph.

21    28(e).        Answering Subparagraph 28(b) of the SAC, Wells Fargo states

22  that this subparagraph contains legal conclusions that do not require a response.

23  California Civil Code § 1788.17 is a California statute that speaks for itself. 15

24  U.S.C. §§ 1692b(1), 1692b(3), 1692b(6), 1692c(a)(1), 1692c(a)(2), 1692d,

25  1692d(5), 1692e(2)(A), and 1692(f) are federal statutes that speak for themselves.

26  To the extent this subparagraph does require a response, Wells Fargo denies each

27  and every allegation of this subparagraph.

28    28(f).        Answering Subparagraph 28(f) of the SAC, Wells Fargo states

1    that this subparagraph contains legal conclusions that do not require a response.

2    California Civil Code § 1788.17 is a California statute that speaks for itself. 15

3    U.S.C. § 1692(f)(1) is a federal statutes that speaks for itself. To the extent this

4    subparagraph does require a response, Wells Fargo denies each and every allegation

5    of this subparagraph.

6         29.   Answering Paragraph 29 of the SAC, Wells Fargo denies each and

7    every allegation of this paragraph.

8         30.   Answering Paragraph 30 of the SAC, Wells Fargo denies each and

9    every allegation of this paragraph.

10        31.   Answering Paragraph 31 of the SAC, Wells Fargo denies each and

11   every allegation of this paragraph.

12                       **V.  SECOND CAUSE OF ACTION**

13            **(Alleged Invasion of Privacy: Intrusion Into Private Affairs)**

14        32.   Answering Paragraph 32 of the SAC, Wells Fargo incorporates by

15   reference its responses to paragraphs 1 through 31 as though fully set forth herein.

16        33.   Answering Paragraph 33 of the SAC, Wells Fargo denies each and

17   every allegation of this paragraph.

18        34.   Answering Paragraph 34 of the SAC, Wells Fargo denies each and

19   every allegation of this paragraph.

20        35.   Answering Paragraph 35 of the SAC, Wells Fargo denies each and

21   every allegation of this paragraph.

22        36.   Answering Paragraph 36 of the SAC, Wells Fargo denies each and

23   every allegation of this paragraph.

24        37.   Answering Paragraph 37 of the SAC, Wells Fargo denies each and

25   every allegation of this paragraph.

26                       **VI.  THIRD CAUSE OF ACTION**

27                   **(Alleged Violation of the TCPA)**

28        38.   Answering Paragraph 38 of the SAC, Wells Fargo incorporates by

reference its responses to paragraphs 1 through 37 as though fully set forth herein.

39.    Answering Paragraph 39 of the SAC, Wells Fargo denies each and every allegation of this paragraph.

40.    Answering Paragraph 40 of the SAC, Wells Fargo denies each and every allegation of this paragraph.

40(a).        Answering Subparagraph 40(a) of the SAC, Wells Fargo states that this subparagraph contains legal conclusions that do not require a response. 47 U.S.C. § 227(b)(1)(A)(iii) is a federal statutes that speaks for itself. To the extent this subparagraph does require a response, Wells Fargo denies each and every allegation of this subparagraph.

41.    Answering Paragraph 41 of the SAC, Wells Fargo denies each and every allegation of this paragraph.

## PRAYER FOR RELIEF

In answering the allegations contained in Plaintiffs' prayer for relief, Wells Fargo denies each and every allegation set forth therein, and denies each allegation in this section's subparts. Wells Fargo further denies any wrongdoing whatsoever, and denies that Plaintiffs are entitled to any relief.

## AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses to the SAC and to each cause of action contained therein, Wells Fargo alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

### (Arbitration)

The dispute giving rise to the SAC is subject to a binding Arbitration Agreement between Plaintiffs and Wells Fargo. Wells Fargo reserves its right to seek to compel Arbitration.

## SECOND AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

The SAC, and each and every cause of action therein, fails to state facts

1  sufficient to constitute a cause of action against Wells Fargo.

### THIRD AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Plaintiffs' claims are barred in whole or in part as a result of their failure to mitigate alleged damages, if any. Further, to the extent Plaintiffs seek recovery for actual damages, such damages, if any, should be reduced in proportion to Plaintiffs' failure to mitigate.

### FOURTH AFFIRMATIVE DEFENSE

### (Unclean Hands/Laches)

Plaintiff did not notify Wells Fargo of the phone calls alleged in the SAC within a reasonable time. For this, and additional reasons, each of the purported causes of action set forth in the SAC is barred by the equitable doctrines of laches and unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

### (Consent)

Any and all activities of Wells Fargo alleged in the SAC were conducted with consent, express and implied, of Plaintiffs, the owner/subscriber or the regular user of the subject phone and/or other parties, persons, and entities, and Wells Fargo is therefore free from actionable fault.

### SIXTH AFFIRMATIVE DEFENSE

### (No Use of ATDS)

Wells Fargo did not use a device with the capacity to dial numbers randomly or sequentially using a "number generator" and, hence, did not use an automatic telephone dialing system in violation of the TCPA.

### SEVENTH AFFIRMATIVE DEFENSE

### (Contract)

Plaintiffs' claims are barred by the terms and conditions of their contract with Wells Fargo.

## EIGHTH AFFIRMATIVE DEFENSE

### (Limitation of Liability)

Wells Fargo's liability in this action, if any, is limited pursuant to all applicable contracts, covenants, conditions, restrictions, and bylaws operating as between Wells Fargo and Plaintiffs.

## NINTH AFFIRMATIVE DEFENSE

### (Waiver)

Plaintiffs' claims against Wells Fargo are barred by the doctrine of waiver.

## TENTH AFFIRMATIVE DEFENSE

### (Estoppel)

Plaintiffs did not notify Wells Fargo of the phone calls alleged in the SAC within a reasonable time. For this, and additional reasons, Plaintiffs, by reason of inaction and/or ratification, are estopped from recovery herein (including res judicata, collateral estoppel, and judicial estoppel).

## ELEVENTH AFFIRMATIVE DEFENSE

### (Compliance with Governing Law)

Wells Fargo's compliance with the statutes, rules, and regulations which govern the subject matter of this lawsuit precludes its liability to Plaintiffs.

## TWELFTH AFFIRMATIVE DEFENSE

### (No Liability for Conduct of Agents)

The alleged actions of third parties herein were not authorized or ratified by Wells Fargo.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Bona Fide Error)

Any violation of the RFDCPA, which Wells Fargo denies, was not intentional and resulted, if at all, from a bona fide error notwithstanding maintenance of procedures reasonably adapted to avoid such errors.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Excessive Fines)

The award of statutory penalties under the TCPA and/or RFDCPA against Wells Fargo would violate the prohibition against excessive fines of the United States Constitution.  Statutory penalties violate due process rights "where the penalty prescribed is so severe and oppressive as to be wholly disproportioned to the offense and obviously unreasonable."  *United States v. Citrin*, 972 F.2d 1044, 1051 (9th Cir. 1992) (*quoting St. Louis, I.M. & S. Ry. Co. v. Williams*, 251 U.S. 63, 66-67 (1919)).  Again, here the violation at issue—"making" a call to a cell phone that may or not have been connected, received or answered—causes *de minimis* or no actual harm.  Imposition of a $500.00 per call penalty is plainly excessive in this context and—taken in the aggregate—may result in potential damages that are not proportional to the conduct alleged.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Due Process)

The imposition of statutory damages under the TCPA and/or punitive damages against Wells Fargo would violate the Due Process provision of the United States Constitution.  Specifically, grossly excessive penalties entered on a discretionary basis may amount to an "arbitrary deprivation of property without due process of law."  E.g., *TXO Production Corp. v. Alliance Resources Corp.*, 509 U. S. 443, 453, 454 (1993); *BMW of North America, Inc. v. Gore*, 517 US 559, 562 (1996).  The TCPA affords discretion to award up to $1,500.00 "per violation."  Yet, the violation at issue—"making" a call to a cell phone that may or not have been connected, received or answered—causes *de minimis* or no actual harm.  Hence, imposition of the discretionary punitive damage element built into the TCPA would violate the *BMW* proportionality as to Plaintiffs.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Maintenance of Reasonable Policies and Procedures)

Under the TCPA and/or California Civil Code Section 1788.30(e), if there were a violation by Wells Fargo, which Wells Fargo denies, it was unintentional and resulted despite maintenance of reasonable policies and procedures adopted to avoid any such violation and, therefore, was not willful or knowing.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

Recovery for any injury or damage to Plaintiff is barred by the applicable statute of limitations, including, but not limited to, 28 U.S.C. § 1658 and Cal. Civ. Civ. Code § 1788.30(f).

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (Good Faith)

Plaintiffs' SAC and each claim for relief therein is barred because Wells Fargo acted in good faith and Wells Fargo's conduct is and was privileged or justified, and Wells Fargo acted without malice. Thus, to the extent there was any violation of the TCPA or RFDCPA, which Wells Fargo denies, such violation(s) were not knowing and willful.

## NINETEENTH AFFIRMATIVE DEFENSE
### (Lack of Willfulness)

Wells Fargo's good-faith reliance on its objectively reasonable interpretation of the TCPA precludes a finding of willfulness. *See Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 127 S.Ct. 2201, 167 L.Ed.2d 1045 (2007).

## TWENTIETH AFFIRMATIVE DEFENSE
### (Failure to Comply with RFDCPA Notification Requirements)

Plaintiffs' claims for damages are barred by Plaintiffs' failure to give the notices required by Civil Code § 1788(d) and § 1788.14(c).

1      **TWENTY-FIRST AFFIRMATIVE DEFENSE**

2      **(Set-Off)**

3      Plaintiffs' claims are subject to set-off of all sums due and owing to Wells

4 Fargo, if any.

5      **TWENTY-SECOND AFFIRMATIVE DEFENSE**

6      **(No Actual Damages)**

7      Wells Fargo is informed and believes that Plaintiffs have not sustained any

8 actual damages as a result of the calls at issue in this action.  For that reason, to the

9 extent there was any violation of the TCPA, which Wells Fargo denies, Wells Fargo

10 shall be liable for no more than a $500.00 penalty pursuant to 47 U.S.C. §

11 227(b)(3)(B).

12      **TWENTY-THIRD AFFIRMATIVE DEFENSE**

13      **(Privilege)**

14      Wells Fargo's lawful interest in contacting its customers — either for debt

15 collection, informational purposes, or other account servicing activity — is

16 necessary, and Wells Fargo reasonably believes such calls are necessary, to protect

17 Wells Fargo's pecuniary interest in chattel and accounts, and its customers' interests.

18 Further the conduct at issue is *malum prohibitum* and not *malum in se*. Moreover,

19 the harm inflicted to Plaintiffs in receiving the misplaced calls is not unreasonable

20 as compared with the harm threatened to Wells Fargo's interests and chattel if it is

21 barred from placing such calls. Hence, Wells Fargo's conduct is privileged and

22 inactionable, and Plaintiffs cannot show conduct that would result in the award of

23 punitive damages.

24      **TWENTY-FOURTH AFFIRMATIVE DEFENSE**

25      **(Calls Made)**

26      Plaintiffs have failed to state a claim under the TCPA because Wells Fargo

27 denies that any call attempted is actually a call made pursuant to the language of the

28 TCPA, 47 U.S.C. § 227(b)(1)(A).

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Unknown Affirmative Defenses)

Wells Fargo presently has insufficient knowledge and information on which to form a belief as to whether it has additional, but as yet unstated, affirmative defenses available to it, and reserves the right to assert additional affirmative defenses in the event discovery indicates such defenses would be appropriate.

## WELLS FARGO'S PRAYER FOR RELIEF

WHEREFORE, Defendant prays for judgment against Plaintiffs as follows:

1.    That Plaintiffs take nothing against Wells Fargo by their SAC and that the SAC be dismissed with prejudice;

2.    That all costs of suit, including reasonable attorneys' fees, be awarded to Wells Fargo;

3.    That judgment be entered in favor of Wells Fargo; and

4.    That this Court award such further relief as it deems just and proper.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Defendant Wells Fargo Bank, N.A. demands trial by a jury in this action.

DATED:  April 1, 2016          SEVERSON & WERSON
                               A Professional Corporation


                               By:  _/s/ Courtney C. Wenrick_
                                      Courtney C. Wenrick

                               Attorneys for Defendant
                               WELLS FARGO BANK, N.A.